119-2455-WC Norma Baker Appellant versus the Workers' Compensation Commission, Chicago Park District, Appalachia. Okay, Mr. Vergler, you may proceed. Thank you, Your Honor. Good morning, everyone. Good morning, Mr. Cooper. May it please the Court. Before I get too far into my argument, I'd like to recognize and acknowledge that I'm aware of the fact that generally whether or not should be awarded is a question of fact for the Commission. And I also know and recognize that it's the responsibility of the Commission and not this Court to weigh the evidence and the facts and circumstances in the case. But I also know that it's the respondent that has the burden to justify its failure to pay benefits. And I also know that that burden and that burden of proof requires evidence. And I also know that argument is not evidence. And in this case, the respondent failed to present any evidence to justify its failure to provide and pay for benefits. And the evidence submitted by the respondent in this case was the testimony of Dr. Fintel. And Dr. Fintel testified via evidence deposition on May 1st of 2017. And the Commission specifically found in its decision on page 4, and I quote, the Commission finds that the respondent has no reasonable basis to deny benefits after Dr. Fintel's May 1st, 2017 decision. And so given that finding, there was no basis for the Commission's failure to award section 19k penalties and attorney's fees. Counselor, let me ask you. Counselor, let me interject a question. After the respondent, after it was apparent that Fintel had missed something in arriving in his opinion about the smoking, the Commission observed that once the respondent realized the incorrectness, it paid the arbitration award and moved to dismiss its petition for review of the arbitrator's They tried the case. Dr. Fintel testified on Dr. Fintel's testimony was on April 7, excuse me, May 1st of 2017. They continued to deny benefits and tried the case on June 7th of 2017. They continued to deny the case and there was a decision that was rendered by the arbitrator on May 20th of 2018. They continued to deny and to fail to pay benefits. And this is now five years after the date of death. They continued to deny it even after the arbitrator's findings. And they appealed the case to the Commission. And during the pendency of the appeal to the Commission is when they finally paid benefits. Nevertheless, the Commission found that the respondent did not act vexatiously and denied the penalties and fees, correct? That's what you're appealing from, isn't it? No, they awarded 19l penalties. They awarded penalties and said it was unreasonable after Dr. Fintel's deposition not to award penalties, but then they didn't award section 19k penalties. And section 16 attorney's fees. And section 16 attorney's fees. Let me ask you a question. You've made an argument that there was no basis in the record to uphold the Commission's decision on those matters. What about the arbitrator finding in accordance with the death certificate that the decedent died from a cardiac condition, not lung impairment, and a genuine issue existed as to the cause of the decedent's death, given the conflicting and confusing nature of the death certificate. So was there not a two-part death certificate? No, there wasn't, Judge. It was Exhibit 4, Petitioner's Exhibit 4. And the death certificate, I'm going to read from it, lists the cause of death. And it says coronary artery disease, cor pulmonate, and the HLP, which is a skin issue. And then it says, enter other, and this is in bold, significant conditions contributing to death. And listed under that is COPD, which is what the law of the case, what had already been established that COPD was a result of his work-related condition. And so to say that there is a finding that there was confusion, there's no evidence to suggest that the respondent was confused by the death certificate. Part one of the death certificate did not say, part one, the immediate cause of death is coronary artery disease. Are you telling us it doesn't say that? No, no, no. I'm agreeing with you. Yes. Okay. So doesn't that enter into the mix here? Well, the standard is whether or not the work-related condition was a cause or a contributing cause. And the death certificate specifically states that the contributing cause to the death was COPD. So sure, I guess the answer to your question is yes, it enters into the mix in that it proves that his work-related condition was a cause of his death. But in order to suggest to say that there was some sort of confusion about the death certificate, someone needed to come into court and say, I was confused and therefore, that's why we denied benefits. No one did that. No one said that they were confused about it. Certainly Dr. Fintell didn't say that he was confused about it. No one from the Park District said that they were confused about it. And so that's really the point is you need evidence rather than simply argument to suggest that, well, there was a confusion. I mean, that's fine for them to write in their brief that they were confused or in their brief, they indicate that there was a question about the admissibility of the death certificate and whether or not that would be admissible at trial. Now that's an argument, but the problem with that argument is if we go to the record on page 11 at the trial transcript, it says, Mr. Bugler, petitioner's exhibit number four is the death certificate from Cook County coroner's office. Mr. Cooper, no objection. The arbitrator admitted. And so for them to suggest that there was confusion about whether or not the death certificate was going to be admitted, they didn't object to it. Well, aside from the admissibility of whether or not it should have been admitted, the fact is, would you agree that the refusal to pay must under the case law be the result of a bad faith or improper purpose? So I think the respondents going to be arguing, hey, look, we had this death certificate and we were going along with Fintell until it was uncovered that there was a missing part about the smoking history. We have the death certificate that says the immediate cause of death was cardiac arrest. So they're saying, where is their bad faith or an improper purpose under those circumstances? Well, twice over clean specifically states that it's a contributing cause. And the death certificate certainly states that COPD was a contributing cause. And so for them to say that there was some sort of confusion or some sort of issue about the death certificate, that just means we don't want to follow the law. We're not going to follow twice over clean. And we're going to say that a cause is some sort of justification for not paying benefits. Now, no one stated that. And that's really the issue, Judge. There was no adjuster that came in and said that they were doing this based on confusion about anything. It's simply argument. And that really is the problem, Judge, that if they're going to say that they had a good faith basis for denying this, or that it wasn't unreasonable and vexatious, or any of those things, they had to have some sort of evidence for it. And I know, you know, as a petitioner's attorney, we have burdens of proof. And so I know that argument is not evidence. And it's never evidence that it's never going to be evidence. I could have the greatest argument in the world. But that doesn't justify my burdens. And it doesn't allow me to meet my burdens. So you're saying the death certificate itself is not evidence or it is evidence? That is evidence that came in without objection. Yes. So it's evidence. It is an evidence, sure. And was it argued based on the death certificate? Not that I'm aware of. The only argument that we hear at this point now is that they were confused by the death certificate. But there's nothing confusing about the death certificate. Well, that's for someone to determine other than the attorneys, isn't it? Absolutely. But the commission didn't find, based on the death certificate, that there was any confusion. That was an arbitrator's finding. Didn't the commission adopt the arbitrator's decision? They did. All right. So how is it not the commission's finding? Because the commission specifically rejected the arbitrator's finding that there were no penalties and that the failure to pay was vexatious and unreasonable because they awarded Section 19L the arbitrator's findings. Because if they did, there was no basis for awarding 19L penalties. The commission specifically awarded 19L penalties and specifically found that the respondent had no basis to deny benefits after Dr. Fentel's May 1st deposition. And so the death certificate can't be the basis for denying of benefits because they specifically found 19L penalties. Now, the Park District certainly didn't argue that there was some confusion about the law or challenging the law in this case. And the Park District, as I said before, didn't present any testimony that anyone was confused about the complexity of the case or the nature of the award previous or the law of the case. And so based on that, what I would ask is that the workers' comp panel of this appellate court award penalties under Section 19K and award attorney's fees in a published opinion so that we can emphasize to the commission that it's their responsibility to weigh evidence and to underscore the fact that argument certainly isn't evidence. And it's never going to be the basis for justifying the failure to award penalties. Unless there's any questions, I don't have anything further at this time. Okay, you'll have time in reply, Mr. Volcker. Thank you, Justice. Mr. Cooper, you may respond. Members of the court, Mr. Buechler, I'm Jerry Cooper. I represent Chicago Park District. The Mr. Buechler's argument, it's based upon the fact that this wasn't confusing or there was no confusion based upon the evidence presented. But there was a lot of medical evidence in this file, a lot. And it was that kind of evidence that made it confusing as the arbitrator even said it was confusing. The man was being treated for dozens of comorbidities, shall we say. And it was very, in our opinion, it was very complicated. And as a result, we had to fight the case as far as we were concerned. There was the prior case. It was a exposure, I believe, in swimming pools to chlorine gas. And that was found to be was collecting those benefits when he passed away. The arbitrator also notes, and it goes to Mr. Buechler's argument, that there really wasn't anything complicated about this. As I stated a second ago, it's very complicated and the court can look through it. But the death certificate even confused the arbitrator a bit. According to the death certificate, the immediate cause of death was coronary artery disease followed by corpulmonal and HLP. So as the justice noted, these significant conditions contributing to death but not resulting in the underlying cause given in Part 1. Then there's a list, COPD, DHTZ, HIN, obesity, CKD, etc. The conditions noted that the decedent suffered from. So when we're saying what is the law of the case, for instance, we are not disputing the original facts about the chlorine or about the award. And what we're talking about is the fact that the arbitrator acknowledged, the commission acknowledged, that this was a the ones we've spoken of up to this point. There were also several things that we did that, you know, they tended to ameliorate, we hoped. And that was when we had advanced to the petitioner, the course of this, $42,000. And that is evidence that stipulated to. So when the arbitrators told us, and the commission told us that, hey, you know, you're pressing your luck here. We expect nothing less than, well, I won't say the commission, but I'll say the arbitrator in his confusion. Council, can you address one of the arguments Mr. Vogler kept emphasizing is, hey, they awarded 19L penalties. Therefore, they should have automatically, apparently implying they should have then gone on to award 19K in the attorney's fees. Isn't there a difference between what is required to be shown to get a late fee and to get penalties under 19K in attorney's fees? Yes. And it is in the nature of a late fee. So that's why we didn't appeal that finding as to that specifically. And other than that. So his core argument that once the commission found the 19L late fee, they should have gone on to then impose the attorney's fees in 19K is not supported by the law, is it? No, it's not supported by the law. Different burdens and standards, right? Correct. Absolutely. So the Park District handled this in a way that's the only way they could. It was a very complicated medical situation. And we just believe that they are not entitled to the 19K or the 16 attorney's fees. Well, were you relying on Fintel's opinion up until the time it became apparent that it was based on a flawed foundation? Yes. And also his independent medical examination report. Which stated what? It didn't get into the smoking in the same way, which turned out to be one of the major weakness for us was he went off on a tangent about smoking for 40 years or some amount of years. And that was when we held the DEP, still going with the IME report until Fintel gave an interesting deposition. And that was the end of that support. And then what did the respondent do once it became apparent that Fintel's opinion that you were relying on was flawed? Well, I can tell you that, you know, I would say the best thing they could do at that point was just try to work out how they were going to find what was compensable. And was a payment made then? A payment was not made. And there were just payments as they went along, advances. The reason payment was not made is that my client was of the belief that, as the arbitrator found in one of his findings, that it was a very complicated case. They wanted to see, you know, what happened in the future. Did you try this case? Yes. Okay. Let me ask you then on your last comment, didn't the commission observe that once the respondent, that's your company, realized the incorrectness of its actions with Fintel, it paid the arbitration award and moved to dismiss the petition for review of the arbitrator's decision? Is that what happened? Yes. Okay. So they did pay the award. Yes. Eventually we paid the award. Okay. Is there, is there a difference between adequate justification or lack thereof and frivolous and meritless? Absolutely. I don't think that the way the facts of this case came down, that there was anything frivolous about it or especially not vexatious. You may not have been able to show adequate justification, but that doesn't equate to your having behaved in a frivolous or meritless manner. That's true. That's correct. That's McMahon. Yep. So if there are any other questions from the court, we would just move to have the commission's decision affirmed. Thank you, counsel. Thank you. Thank you, Justice. I'd like to address a couple of things, but to start off, I certainly recognize there's a difference between section 19L penalties and section 19K penalties and 19L penalties are in the nature of a late fee. If there is a situation where if they haven't paid for 15 days, and this was a mistake or an pay that award, I understand that that's a late fee. But that's not what happened in this case. What happened in this case was they were denying the case. It wasn't simply because there was a mistake or they failed to send a check or something got lost in the shuffle that was inappropriate. This was a case where they were denying it, despite the fact that there was a finding on the lower court that was a final decision that his COPD was a result of his work activities. They then went and got a doctor and hired a doctor to say, I don't believe that the COPD was a result of his work activities when that was already decided. And so to say that this was simply a situation where they were confused about things, they specifically hired Dr. Fintel and he opined that the COPD was not work related, which is not appropriate, especially when we have the law of the case. But beyond that, and to say that there's a difference between a frivolous manner of activity and was something that wasn't found to be true of the act. In this case, Justice, what they did was they didn't give him medical, Dr. Fintel medical records, they gave them a summary stating that there was a 45 year of smoking history that continued up to the date of his death. And so the reason why Dr. Fintel had the wrong information was because responded rather than give them the medical records, gave him a summary of the medical records that was incorrect. Now, 19K medical records were 18,000 pages, correct? They were. And Fintel didn't want to read 18,000 pages, correct? Well, whether he wanted to read them or not, he didn't read them. He wasn't provided that opportunity. They didn't give them to him. Didn't he testify? He didn't want, I thought there was testimonies. I reviewed the case by Fintel. He didn't want to read 18,000 pages. Well, what I do know is he wasn't provided to him. But the issue is, the issue on appeal judge is we know he had COPD. We know that that was found to be compensable as a result of his work activities. The only issue is, did the COPD contribute to his death? And so to say that this is a complicated issue, there's nothing complicated about it. Dr. Fintel testified on direct examination. I cross-examined him. On page two, I asked him, did he have COPD? Yes. Did he have restricted airway disease? Yes. Did those conditions contribute to his death? Yes, they did. That was on page two of his deposition. And so there was nothing confusing or complicated about it. That's the only issue that we have. Was that a cause? Now, section 19K says, in cases where there has been any unreasonable or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the commission may award compensation. So the question is whether it has been unreasonable or intentional underpayment that's shown to be frivolous. And so here in this case, the commission specifically found that it was unreasonable. And so whether it's also frivolous, that doesn't matter. The question is whether or not it was reasonable to rely on the evidence that was presented to deny the case. And the commission specifically found it was unreasonable. So that's the reason why I'm asking for 19K penalties, not to simply state that that there was a late fee, or that there was a mistake or some sort of confusion about whether or not benefits were paid. They specifically denied the case. And it wasn't that they paid the case after Dr. Fentel's deposition and said, OK, well, now we have the information from Dr. Fentel. And now we know that we have to pay. They continue to deny the case. They denied the case for over a year after Dr. Fentel's deposition. They tried the case in front of the arbitrator and lost. Mr. Burglar, the red light is on. Your time on reply has expired. Thank you. Thank you, counsel, both for your arguments in this matter. It will be taken under advisement and a written disposition shall issue. Court will stand in recess for conference.